J-S47037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD CARL LIBERACE | |
| Appellant | No. 44 EDA 2014 |

Appeal from the PCRA Order of December 10, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0004523-2010

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED AUGUST 25, 2014**

Gerald Carl Liberace appeals the December 10, 2013 order dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S. §§ 9541-46.  We affirm.

The PCRA court has summarized the relevant factual and procedural history of this case as follows:

> [A] criminal complaint charging [Liberace] with the indecent assault of a person less than thirteen years of age, endangering the welfare of a child and corruption of minors was filed after a Statewide Investigating Grand Jury issued a presentment recommending these charges.  The matter proceeded to a jury trial where the victim[,] "L.H.," an eighteen[-]year-old college student[,] testified that in August of 2004, when she was twelve years old, she was in the care of [Liberace,] her step-father.  Her mother was away with friends for an overnight stay.  This was the first time mother and daughter had ever been apart overnight.  During the night L.H. was "scared" and went into the bedroom her mother shared with [Liberace].  She got into bed with [Liberace].  He rubbed her back as he had on

many occasions when her mother was present. On this night however, in addition to rubbing her back he went further and rubbed her "butt" and vaginal area on bare skin for about ten minutes. L.H. didn't tell anyone about this incident until 2007 after her mother and [Liberace] separated and they no longer lived together. In the fall of 2009[,] L.H.'s residence changed when she went to live with her father, his wife and their two children. In the spring of 2009[,] when [L.H.] was having difficulties in school[,] she told her father and her step-mother that [Liberace] touched her "inappropriately" in 2004. She engaged in counseling with a therapist once a week and eventually, in June or July of 2009[,] she relayed the details of the 2004 incident to the counselor who made a report to law enforcement. L.H. gave a written statement at the [police station] and later agreed to participate in a consensual telephone intercept. Three telephone conversations between [Liberace] and L.H. that were captured on audio tape were played for the jury at trial.

Trial Court Opinion Direct Appeal, filed 5/31/2011.

[Liberace] was charged with three counts of indecent assault of a person less than thirteen years of age[1], endangering the welfare of a child[2] and corrupting the morals of a minor[3]. The jury found that he was guilty of endangering the welfare of a child and corrupting the morals of a minor. On March 29, 2011[,] an aggregate sentence of six to twelve months of incarceration to be followed by two years of probation was imposed. [Liberace's] direct appeal followed the imposition of judgment of sentence, and[,] on May 19, 2011, the Superior Court [of Pennsylvania] affirmed [Liberace's] judgment of sentence. A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on July 11, 2012.

[1]     18 Pa.C.S. § 3126(a)(7).

[2]     18 Pa.C.S. § 4304(a).

[3]     18 Pa.C.S. § 6301.

On July 3, 2013[, Liberace] filed a timely [PCRA] petition and thereafter the Commonwealth answered the petition. After reviewing the petition and the record the [PCRA court] concluded that there were no genuine issues of material fact and on November 6, 2013[,] the [PCRA] court entered an order wherein

[Liberace] was advised of the court's intent to dismiss the petition without a hearing. [*See* Pa.R.Crim.P. 907(1).] The [PCRA court] considered [Liberace's] response to the notice, and on December 10, 2013, the petition was dismissed without a hearing.

PCRA Court Opinion ("P.C.O."), 3/28/2014, at 1-3 (record citations omitted).

On December 26, 2013, Liberace filed a timely notice of appeal. On February 5, 2014, the PCRA court ordered Liberace to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 21, 2014, Liberace timely filed his Rule 1925(b) statement. On March 28, 2014, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Liberace presents three issues for our review:

1. Was [Liberace] denied effective assistance of counsel due to the failure [of Liberace's trial counsel] to properly cross-examine the complaining witness with crucial inconsistent Grand Jury testimony?

2. Was [Liberace] denied effective assistance of counsel for the failure [of Liberace's trial counsel] to object to inadequate jury instructions regarding Endangering the Welfare of Children and Corruption of the Morals of a Minor?

3. Did the lower court err by dismissing [Liberace's] PCRA petition without a hearing?

Brief for Liberace at 3.

Our review of a PCRA court order dismissing a petition under the PCRA is subject to the following standard:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the

- 3 -

evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citations omitted).

In his first issue, Liberace alleges that his trial counsel provided ineffective assistance "by failing to properly establish a crucial discrepancy concerning the trial testimony of [L.H.]." Brief for Liberace at 13. Specifically, Liberace alleges the following:

At the trial, [L.H.] testified that [Liberace] had on ten or more occasions placed his hand in the area of her "butt crack," whereupon he proceeded to "rub her butt crack," "where [her] anus is." However, in [L.H.'s] testimony of January 7, 2010[,] before the grand jury, she had testified that [Liberace] "did not go all the way under and to the middle of" her buttocks.

*Id.* (emphasis in original; record citations omitted).

Generally, to prevail on an ineffective assistance of counsel ("IAC") claim raised under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

We begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Basemore***, 744 A.2d 717, 728 n.10 (Pa. 2000). To obtain relief on a claim of ineffective

assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 687-91 (1984). In our Commonwealth, we have rearticulated the ***Strickland*** Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987).

***Commonwealth v. Dennis***, 17 A.3d 297, 301 (Pa. 2011) (citations modified). "If an appellant fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa. Super. 2009).

In the instant case, Liberace's first IAC claim lacks arguable merit. As the PCRA court correctly noted, Liberace's first IAC claim "is based on a mischaracterization of the testimony of record":

It is apparent from the notes of testimony from the Grand Jury proceedings that [L.H.] was describing different events: first, events that occurred on one night in August of 2004 when her mother was away[,] and second, a "usual" course of conduct where [L.H.] spent time in bed with her mother and [Liberace] and where [Liberace] rubbed [L.H.'s] back below her panty line, near the top of the crack of her buttocks, but not on the middle of her buttocks.

P.C.O. at 7-8 (record citations omitted). We have reviewed the record and confirmed Liberace's mischaracterization. Because it is based upon a clear mischaracterization of the testimony in question, Liberace's first IAC issue

lacks arguable merit, and he has failed to establish the first prong of the ***Pierce*** test. 527 A.2d at 975. Thus, Liberace's first IAC allegation necessarily fails.

In his second issue, Liberace alleges that trial counsel "provided ineffective assistance in failing to demand that the trial judge fully instruct the jury as to the two offenses for which [Liberace] was convicted." Brief for Liberace at 16. Specifically, Liberace alleges the following:

> As to the offense of Corruption of the Morals of a Minor, the trial judge should have been requested to tell the jury that, as to what actions might corrupt the morals of a minor, the Commonwealth would have to prove that [Liberace] committed acts "that would offend the common sense of the community, and the sense of decency, propriety, and morality which most people entertain[."] ***Commonwealth v. Smith***, 863 A.2d 1172, 1177 (Pa. Super. 2004); ***Commonwealth v. Slocum***, 86 A.3d 272, 277 (Pa. Super. 2014); ***Commonwealth v. Decker***, 698 A.2d 99, 101 (Pa. Super. 1997).
>
> As to the charge of Endangering the Welfare of Children, the trial judge did instruct the jury that the Commonwealth had to prove beyond a reasonable doubt that [Liberace] knowingly "violated a duty of care, protection, or support." However, counsel should have also requested that the jury be charged that the Commonwealth must prove that [Liberace] was aware of the duty to keep this child safe and to act in a way that would protect the child's welfare.

***Id.*** at 16-17 (citations modified). In the instant case, there is no indication that Liberace's trial counsel's alleged error, if any, caused prejudice such that there is a reasonable probability that the result of the trial would have been different absent such error. ***Pierce***, 527 A.2d at 975.

To convict a defendant of corruption of the morals of a minor, the Commonwealth must prove beyond a reasonable doubt that the defendant's conduct satisfied the following definition:

> [W]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S. § 6301(a)(1)(i). Regarding that charge, the trial court instructed the jury as follows:

> [Liberace] has been charged with corrupting a minor. To find [Liberace] guilty of this offense, you must find that each of the following three elements [has] been proven beyond a reasonable doubt. First, that [Liberace] was 18 years of age or older at the time of the incident giving rise to the charge. Second, that [L.H.] was under [eighteen] years of age at the time. And, third, that [Liberace] corrupted or tended to corrupt the morals of [L.H.] by the following alleged conduct, touching her buttocks or touching her vaginal area or exposing his penis.

Notes of Testimony of Verdict Proceeding ("N.T.V."), 1/5/2011, at 19-20. The PCRA court noted that "[t]his instruction follows the Suggested Standard Jury Instruction nearly verbatim." P.C.O. at 13 (citing SSJI (Crim) 15.6301A).

Liberace's challenge relies upon several cases in which case-specific circumstances required the court to clarify whether a given act might "corrupt the morals of any minor." The PCRA court aptly rejected this argument as follows:

- 7 -

> Our appellate courts have at times considered the sufficiency of the evidence to determine whether the Commonwealth had met its burden of proving that a defendant had committed particular acts that tended to corrupt the morals of a minor. **See, e.g., Smith**, 863 A.2d at 1177, **Commonwealth v. DeWalt**, 752 A.2d 915, 918-19 (Pa. Super. 2000); **Commonwealth v. Todd,** 502 A.2d 631, 635-36 (Pa. Super. 1985). In assessing the sufficiency of the evidence[,] the Superior Court has explained "that actions that tended to corrupt the morals of a minor were those that 'would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain.'" **Decker**, 698 A.2d at 101. However, a finding that the particular acts performed by a defendant "offend the common sense of the community and the sense of decency, propriety and morality which most people entertain," is simply not an element of the offense and it has not been so designated by caselaw. In this case, further explanation to elucidate or to describe which acts tend to corrupt the morals of a minor . . . was unnecessary where [L.H.] testified that [Liberace] touched her buttocks and vaginal areas and exposed his penis. The corrupting nature of these acts is obvious given the facts and circumstances of this case where it was alleged that [L.H.] was [Liberace's] twelve[-]year-old step-daughter.

P.C.O. at 13-14. We agree. Pennsylvania law simply does not require jury instructions that wander so far afield of the elements of the offense at issue.

Even assuming *arguendo* that this issue had arguable merit, and that counsel lacked a reasonable basis for not seeking the desired instruction, Liberace's claim nonetheless fails for want of proof of prejudice. To establish prejudice, Liberace must show that, had the jury been provided with Liberace's additional requested instruction, there was a reasonable probability that it would have determined that a grown man touching the buttocks and vagina of his twelve-year-old stepdaughter in the manner and circumstances described above did not "offend the common sense of the

community, and the sense of decency, propriety, and morality which most people entertain," and that the jury would have acquitted Liberace based upon that finding. ***Commonwealth v. Slocum***, 86 A.3d 272, 277 (Pa. Super. 2014). We cannot so conclude, given the evidence in this case and the conduct at issue. Accordingly, Liberace's IAC claim fails in this regard.

Liberace's challenge to the jury charge for endangering the welfare of a child also fails for want of prejudice. Section 4304 of the Pennsylvania Crimes Code defines "endangering the welfare of children" as follows:

**Offense defined.—**

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S. § 4304(a)(1).

The trial court instructed the jury as follows:

To find [Liberace] guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt. First, that [Liberace] endangered the welfare of [the] child by violating a duty of care, protection or support. Second, that [Liberace] endangered the welfare of the child knowingly. A person's conduct is knowing when he or she is aware that it is practically certain that his or her conduct will cause a particular result. Third, that [Liberace] was at the time a parent, guardian, person supervising the welfare of that child under the age of 18, or a person employed [*sic*] or supervised such a person. Fourth, that the child was under the age of 18 years at the time of the endangering.

N.T.V. at 20. The PCRA court noted that this instruction also tracks the Suggested Standard Jury Instruction nearly verbatim. P.C.O. at 14 (citing SSJI (Crim) 15.4304A (Crim) A).

Liberace contends, in addition to the charge that was given (with which Liberace has no complaint), counsel also should have "requested that the jury be charged that the Commonwealth must prove that [Liberace] was aware of the duty to keep this child safe and to act in a way that would protect the child's welfare." Brief for Liberace at 17. Thus, to establish prejudice, Liberace must plead and prove that, had the jurors been provided with Liberace's additional requested instruction, there is a reasonable probability that the jury would have determined that Liberace was not aware of his duty to care for his twelve-year-old stepdaughter while his wife was away, and would have acquitted Liberace based upon that finding.

> The PCRA court responded to this specious argument as follows:
>
> The [c]ourt instructed that the Commonwealth bore the burden of proving that [Liberace] endangered the welfare of a child *by violating a duty of care, protection or support* and *that he did so knowingly*. Read as a whole and in a common[-]sense manner this instruction accurately instructed the jury as to the elements of this offense. Furthermore, any claim that [Liberace] suffered prejudice as a result of the alleged deficiency is patently frivolous. [Liberace] was [L.H.'s] step-father and [she] was in his care in her mother's absence when the acts for which he was convicted occurred.

P.C.O. at 15. We agree. We cannot conclude that any reasonable juror, if provided with Liberace's additional requested instruction, could have concluded that Liberace might not have been aware of the duty in question –

- 10 -

not to touch a twelve-year-old stepdaughter in a sexual manner – such that he could not be convicted of knowingly having endangered the welfare of a child.

For the foregoing reasons, there is no indication that Liberace's trial counsel's alleged ineffectiveness with respect to either of the challenged jury charges caused prejudice, even if the instructions in question were amenable of challenge, an unlikely proposition indeed. There is no reasonable probability that the result of the trial would have been different had the trial court instructed the jury as Liberace would have preferred. *Pierce*, 527 A.2d at 975. Because Liberace has failed to establish the third prong of the *Pierce* test with respect to either of these challenges, his second IAC claim fails.

In his third and final issue, Liberace alleges that the PCRA court erred in dismissing Liberace's PCRA petition without a hearing because he "pleaded . . . sufficient facts and laws that would have warranted an evidentiary hearing." Brief for Liberace at 18. The standard for a PCRA court's dismissal of a petition without a hearing is as follows:

> If the judge is satisfied from this review [of the petition] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

Pa.R.Crim.P. Rule 907(1).  As noted above, in reviewing the dismissal of a PCRA petition, an appellate court "will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Rykard*, 55 A.3d at 1183.  "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

In the instant case, the PCRA court ultimately concluded that "[t]he record demonstrates that [Liberace] is not entitled to relief and there are no genuine issues of fact that would entitle [Liberace] to relief if resolved in his favor."  P.C.O. at 16.  We find that the PCRA court's summary dismissal of Liberace's PCRA petition is supported by the facts of record and free of legal error.  *Rykard*, 55 A.3d at 1183.  As noted above, Liberace's first IAC claim is based upon a material and fatal mischaracterization of the testimony of record.  Liberace's IAC claims arising from the jury charge fails because there is no indication that trial counsel's alleged ineffectiveness, if any, caused prejudice such that there is a reasonable probability that the result of the trial would have been different absent such error.  Thus, the PCRA court properly dismissed Liberace's PCRA petition without a hearing.  *Rykard*, 55 A.3d at 1183.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2014