**COMMONWEALTH of Pennsylvania**

v.

**James M. DECKER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 19, 1997.

Filed July 30, 1997.

David Crowley, Assistant Public Defender, Bellefonte, for appellant.

J. Karen Arnold, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

Before TAMILIA and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

TAMILIA, Judge:

Appellant, James Decker, takes this appeal from the judgment of sentence of three (3) to twenty-three and one-half (23–1/2) months' imprisonment entered on December 21, 1995 following his conviction of corruption of minors [1] in a nonjury trial.

The 37–year old appellant was charged with corruption of minors after having sexual intercourse with a 15–year old girl. Appellant claims the evidence at trial was insufficient to support a guilty verdict because the intercourse was consensual and was the sole basis for the corruption charge. He further claims that at the time of the incident, our Legislature had not criminalized the exact conduct in which he engaged.[2] In short, appellant contends that underlying criminal activity must be the requisite upon which a corruption of minors charge is placed. In pertinent part, the applicable statute reads:

### § 6301. Corruption of minors

(a) **Offense defined.**—Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, . . . is guilty of a misdemeanor of the first degree.

■ This Court's standard of review of a nonjury trial is to determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. *Stonehedge Square Ltd. Partnership v. Movie Merchants, Inc.,* 454 Pa.Super. 468, 685 A.2d 1019 (1996).

■ As to appellant's first contention that he cannot be prosecuted under the statute because the sexual intercourse was consensual and thus there was no underlying criminal activity, consent is not an element in a corruption of minors charge. *Commonwealth v. Miller,* 441 Pa.Super. 320, 657 A.2d 946 (1995). Furthermore, while it is true that generally a corruption of minors charge accompanies a more serious charge such as involuntary deviate sexual intercourse, statutory rape, indecent assault, etc., nowhere in the statute is there a requirement of such underlying criminal activity, nor will one find a prohibition against a charge of corruption of minors standing alone. Moreover, the statute states "by any act" not "by any *criminal* act.". The fact that a corruption of minors charge is generally coupled with additional underlying criminal activity is more a reflection of the usual application of the statute than it is legal precedent. We believe that if our legislators intended to require some underlying criminal activity as the basis for a corruption of minors charge, they would have written it into the statute.

---

1. 18 Pa.C.S. § 6301.

2. Appellant is referring to 18 Pa.C.S. § 3122:
   ### § 3122. Statutory rape
   A person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age.
   This section was repealed on March 31, 1995, approximately four months after this incident took place. It was replaced by 18 Pa.C.S. § 3122.1:
   ### § 3122.1. Statutory sexual assault
   . . . [A]person commits a felony of the second degree when that person engages in sexual intercourse with a *complainant* under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.

■ Appellant also contends that according to *Commonwealth v. Meszaros,* 194 Pa.Super. 462, 465, 168 A.2d 781, 782 (1961), corruption must amount to "delinquent conduct" which is defined in 42 Pa.C.S. § 6302, Definitions, as criminal activity. (Appellant's brief at 12.) Appellant's argument fails essentially because "delinquent conduct" under *Meszaros included* status offenses such as truancy, running away and incorrigibility as well as criminal conduct because the definition of "Delinquent act", 42 Pa.C.S. § 6302, was amended in 1976, Act of July 9, P.L. 586, No. 142, to exclude those matters and limit delinquent conduct to crimes under the law of this Commonwealth, another state, federal law or local ordinance. While the ruling in *Meszaros* is correct, applying it for authority as to what constitutes delinquency is not. In *Commonwealth v. Smith,* 238 Pa.Super. 422, 357 A.2d 583 (1976), this Court, in following *Meszaros,* found that sexual behavior was the corrupting activity to be prevented. This is no less true today since it is common knowledge that the majority of young females who become pregnant and produce children out of wedlock, undergo abortions or contract aids and other sexually transmitted diseases are impregnated by adult males. If this does not serve to require society to restrain such behavior as committed here, nothing will. Furthermore, 18 Pa.C.S. § 6301(b), **Adjudication of delinquency unnecessary**, provides "[a] conviction under the provision of this Act may be had whether or not the jurisdiction of any juvenile court has attached or shall thereafter attach to such minor or whether or not such minor has been adjudicated a delinquent or shall thereafter be adjudicated a delinquent."

There are a number of cases in which our Court has sustained a conviction for corruption of minors after the defendant had been acquitted of indecent assault.[3] We agree with the trial judge that "[i]t would seem strange indeed to hold that while a defendant can be convicted of the crime of Corruption of Minors standing alone, the same defendant cannot be charged with the crime of Corruption of Minors standing alone." (Slip Op., Brown, Jr., P.J., 10/16/95, pp. 2–3.)

■ In deciding what conduct can be said to corrupt the morals of a minor, " '[t]he common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it.' " *Commonwealth v. Pankraz,* 382 Pa.Super. 116, 121, 554 A.2d 974, 977 (1989), quoting *Commonwealth v. Randall,* 183 Pa.Super. 603, 133 A.2d 276 (1957), cert. denied, 355 U.S. 954, 78 S.Ct. 539, 2 L.Ed.2d 530 (1958). Furthermore,

> Corruption of a minor can involve conduct towards a child in an unlimited number of ways. The purpose of such statutes is basically protective in nature. These statutes are designed to cover a broad range of conduct in order to safeguard the welfare and security of our children. Because of the diverse types of conduct that must be proscribed, such statutes must be drawn broadly. It would be impossible to enumerate every particular act against which our children need be protected.

*Commonwealth v. Todd,* 348 Pa.Super. 453, n. 2, 502 A.2d 631, 635 n. 2 (1985), citing *Commonwealth v. Burak,* 232 Pa.Super. 499, 335 A.2d 820 (1975).

■ We believe the trial judge did not err by finding a 37–year old man having sexual intercourse with a minor some 22 years younger, whom he had just met and who never voiced her consent but remained silent throughout the entire act, would offend the common sense of the community and the sense of decency, propriety and the morality which most people entertain.[4] Our children need to be protected from persons such as appellant who apparently did not even consider the possible physical and emotional

---

3. See *Commonwealth v. Miller,* 441 Pa.Super. 320, 657 A.2d 946 (1995); *Commonwealth v. Anderson,* 379 Pa.Super. 589, 550 A.2d 807 (1988); *Commonwealth v. Bricker,* 397 Pa.Super. 457, 580 A.2d 388 (1990), alloc. denied, 527 Pa. 596, 589 A.2d 687 (1990).

4. We find appellant's argument *regarding the* Abortion Control Act to be irrelevant and will not address it.

scars which he may have inflicted upon his 15–year old victim. Had this incident occurred not even four months later, appellant certainly would have been charged with and possibly convicted of statutory sexual assault.[5]

Finally, appellant contends our Legislature has determined adult men may legally "engage in non-deviate sex with consenting fifteen (15) year-old females without the consequence of becoming a sex offender." (Appellant's brief at 14.) Appellant is correct as he was not charged as a sex offender in this case but instead charged under the corruption of morals statute. We agree with appellant that our "Legislature took into account the common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain when it decided to pass § 3122 [**Statutory rape**]". (Appellant's brief at 14.) We certainly do not believe, as appellant contends, however, that by doing so the Legislature was condoning sex between a 37–year old man and a girl just barely 15 years old. As indicated in footnote two, the statute upon which appellant relies was changed shortly after the incident at issue to enlarge the protection of young females from 14 to 16 years of age.

Ultimately, corruption of minors is a separate offense, which requires proof of nothing more than the specific underlying act alleged. *Commonwealth v. Anderson*, 379 Pa.Super. 589, 550 A.2d 807 (1988). In this case, the underlying act to which appellant eventually admitted was sexual intercourse with a 15–year old girl. It requires no stretch of reason to understand that an immature female can easily be seduced or mentally overpowered by an adult to engage in a large range of activity, the consequences of which she neither understands nor of which she is capable of dealing and which can have long-range, if not permanent, adverse effects.

Judgment of sentence affirmed.

HUDOCK, J., concurs in the result.

---

**5.** See footnote 2.