J-S07019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GAVIN JOSEPH CERCO | |
| Appellant | No. 895 MDA 2013 |

Appeal from the Judgment of Sentence April 17, 2013
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000844-2012

BEFORE:  MUNDY, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 26, 2014**

Appellant, Gavin Joseph Cerco, appeals from the April 17, 2013 judgment of sentence of three to 18 months' imprisonment, following his conviction by a jury of corrupting the morals of a minor.[1]  After careful review, we affirm.

Based on our review of the certified record, we summarize the factual and procedural history of this case as follows.  On April 5, 2012, Detective Christopher Kolcharno, supervisor of the Special Victims Unit in the criminal division of the Lackawanna District Attorney's Office, charged Appellant with one count of corruption of the morals of a minor.  The charge arose from a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

series of Facebook text messages between Appellant and V.M., a 12-year-old girl whom Appellant coached as the only female player on a middle school baseball team. Appellant initiated the Facebook communication, despite a school district policy prohibiting such social media contact. The series of text message exchanges took place between March 28 and April 3, 2012. The substance of the communications contained regular references to V.M.'s baseball practice and training, but increasingly centered on what she wore to practice, girl's clothing in general, Appellant's penchant for wearing women's clothing and some of his experiences with the same, and progressed to his inquiring about more intimate wear, offering to send pictures of himself in various outfits, and requesting to borrow various items of clothing to try on. N.T., 1/22/13, at 84-116. V.M. gradually became more and more uncomfortable with the content of the communications and reported them to a teacher. The school personnel contacted the authorities and Detective Kolcharno subsequently interviewed Appellant.

During the interview, Appellant confirmed his Facebook communications with V.M. Appellant specifically related he had an interest in wearing women's clothing and discussed the same with V.M. because of his embarrassment in publicly evidencing his interest. Appellant admitted he contemplated sending photographs of himself wearing yoga pants to V.M., and suggested he would do so to her, but did not ultimately send any pictures. Appellant was arrested following his interview.

The Commonwealth alleged, "[Appellant] did engage in inappropriate conversation with the victim, V.M., a 12 year-old female, did solicit various items of clothing and undergarments, and did offer to send pictures of himself wearing these items to her." Criminal Information, 5/2/12, at 1. The matter proceeded to a two-day jury trial on January 22-23, 2013. At trial, V.M. testified and the entire series of Facebook texts were admitted into evidence. The Superintendent for Abington Heights School District, Dr. Michael Mahon, testified about the school district's policy prohibiting staff and volunteers from communicating with students through social media, except through certain school-sanctioned accounts. Appellant testified on his own behalf and presented several character witnesses.

At the conclusion of the trial, the jury found Appellant guilty of the sole count of corrupting the morals of a minor. On April 17, 2013, the trial court imposed a sentence of three to 18 months' incarceration. Appellant did not file any post-sentence motion. Appellant filed a timely notice of appeal on May 16, 2013.[2]

On appeal, Appellant raises a single issue for our consideration.

> I. Whether, where [Appellant] spoke to a twelve year old girl about his cross-dressing, offered to send her fully clothed pictures of himself in women[']s clothing, and asked to borrow her clothing, specifically yoga pants, to try on, the

_____

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> Commonwealth offered sufficient evidence to prove defendant guilty of corruption of minors?

Appellant's Brief at 7.[3]

"A claim impugning the sufficiency of the evidence presents us with a question of law." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted), *appeal denied*, --- A.3d ---, 126 MAL 2014 (Pa. 2014). Our standard and scope of review are well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire

---

[3] In his Rule 1925(b) statement, Appellant also raised a challenge to the weight of the evidence. Although Appellant occasionally couples the terms "weight" and "sufficiency" in his appellate brief, he does not advance a separate argument on appeal that the verdict is against the weight of the evidence. In any event, we agree with the Commonwealth and the trial court that such a challenge has been waived since Appellant failed to raise the issue before the trial court. *See* Pa.R.Crim.P. Rule 607(A), (providing that a claim the verdict was against the weight of the evidence must be raised in a motion for new trial made before or at sentencing or in a post-sentence motion).

record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fabian***, 60 A.3d 146, 150-151 (Pa. Super. 2013) (citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013).

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted).

The crime of corrupting the morals of a minor is defined by statute as follows.

**§ 6301. Corruption of minors**

**(a) Offense defined.--**

(1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).

The parties agree that the evidence did not suggest that Appellant's conduct enticed or encouraged V.M. in the commission of a crime or to violate a court order. Appellant's Brief at 15; Commonwealth's Brief at 11. The operative element at issue in this case is whether Appellant's conceded acts "corrupt[ed] or tend[ed] to corrupt the morals of" V.M. 18 Pa.C.S.A. § 6301(a)(1)(i). We have defined this element in the following manner. "Actions that tend to corrupt the morals of a minor are those that 'would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain.'" ***Commonwealth v. Snyder***, 870 A.2d 336, 351 (Pa. Super. 2005), *quoting* ***Commonwealth v. DeWalt***, 752 A.2d 915, 918 (Pa. Super. 2000). "Corruption of a minor can involve conduct towards a child in an unlimited number of ways. The purpose of such statutes is basically protective in nature[, and they] cover a broad range of conduct." ***Commonwealth v. Decker***, 698 A.2d 99, 101 (Pa. Super. 1997), *appeal denied*, 705 A.2d 1304 (Pa. 1998), *quoting* ***Commonwealth v. Todd***, 502 A.2d 631, 635 n. 2 (Pa. Super. 1985).

Appellant contends that, as part of its burden to prove Appellant engaged in conduct tending to corrupt V.M., the Commonwealth needed to "present evidence that there is a nexus between [Appellant's] action and a delinquency of the minor or potential delinquency of the minor[, or] must show that the welfare or safety of the minor is threatened in some manner." Appellant's Brief at 15. Appellant asserts no such evidence was submitted.

> The Information in this matter alleged three different instances of conduct underlying the Corruption of Minors charge: (1) that [Appellant] engaged in inappropriate conversation with [V.M.]; (2) that [Appellant] solicited various items of clothing and undergarments from [V.M.]; and (3) that [Appellant] offered to send pictures of himself wearing these items of clothing to her. Non[e] of these charged actions gives rise to the instant charge because none of this conduct, as proven at trial[,] would tend to corrupt the morals of a minor, contribute to the delinquency of a minor, or threaten the safety of a minor.

*Id.* at 17 (citation omitted). Appellant further asserts that "[t]he issue[] boils down to whether cross-dressing is immoral. If it is, then discussing it would tend to corrupt the morals of a minor. If it is not immoral, the conviction in this matter cannot stand." *Id.* at 21.

We resist Appellant's attempt to frame the dispositive issue in this case in terms of whether his cross-dressing interests, and his communication of those interests to V.M., satisfy the element of corrupting or tending to corrupt the morals of a minor. Viewing the evidence in this case in the light most favorable to the Commonwealth as the verdict winner, we conclude there are other aspects of Appellant's communications with V.M. that amply support the jury's verdict.

In **Commonwealth v. Barnette**, 760 A.2d 1166, 1172-73 (Pa. Super. 2000), *appeal denied*, 781 A.2d 138 (Pa. 2001), this Court determined that the appellant's act of having a minor sign for a package containing contraband supported his conviction under 18 Pa.C.S.A. § 6301(a)(1), even

though the minor was unaware of the content of the package such that the minor's actions could not be deemed delinquent. The Barnette panel concluded that the appellant's "duplicitous" involvement of a minor in his own wrongdoing was sufficient to "offend[] the common sense of the community, as well as the sense of decency, propriety and the morality that most people entertain." *Id.* at 1173.

Here, Appellant testified he knew his contacts with V.M. were a violation of school policy.

> [Assistant District Attorney]. Okay. So you and I could agree that at the time you sent [V.M.] a Facebook message you knew that, at the very least, you were breaking school policy?
>
> [Appellant]. At that time, yes, ma'am.

N.T., 1/22/13, at 155. His importunate requests of V.M. not to tell anyone about their communication made her a party to his violation of that policy. *Id.* at 84, 87, 90, 99, 102. At trial, V.M. testified that these requests made her feel pressured.

> Q. Okay. You said you felt a little uncomfortable. Did you tell anybody about the messages from that day?
>
> A. No.
>
> Q. Do you know why?
>
> A. Because he was a coach of mine. And I felt like he was going to put me in a position for baseball, and I felt that he had a lot of power for that and if I said something that he told me not to

> say, which he had a lot, then it would affect where I would play in the field.
>
> Q. Okay. And when you said he told you not to a lot, are you referring to the times within the messages where he says, [d]on't tell anybody?
>
> A. Yes.

*Id.* at 88. Accordingly, we conclude a jury could have determined that Appellant's knowing involvement of V.M. in his violation of school policy prohibiting his social media contact with students tended to corrupt her morals even though her actions did not themselves constitute a wrongful act.

Additionally, this Court has recently held that a charge of corrupting the morals of a minor may be supported by an act inducing a minor to disobey or deceive an authority figure. *Commonwealth v. Slocum*, 86 A.3d 272, 274-275 (Pa. Super. 2014). As made clear by this Court in *Slocum*, the predicate act of a defendant is not confined to an act defined as criminal. *Id.* at 279-280. Similarly, a defendant's conduct need not encourage specifically delinquent or criminal conduct from a minor, but need only tend to corrupt the minor victim. *Id.* Thus, in *Slocum*, evidence of Slocum's conduct, through Facebook exchanges, in encouraging a minor's disobedience of parental authority was held to be sufficient to support a conviction under 18 Pa.C.S.A. § 6301(a)(1)(i). *Id.* at 280-281.

Here, Appellant importuned V.M. to lend him some of her clothing to try on, and instructed her, "Just don't tell anyone." N.T., 1/22/13, at 98-99,

- 9 -

115. Appellant also included instructions on how to surreptitiously exchange the borrowed clothes. *Id.* at 107, 113-115. Thus, Appellant's conduct was not confined to merely confiding in V.M. about his personal proclivities and asking her to keep them private. Rather, he encouraged V.M. to perform specific actions he had reason to know those in authority over her would not permit, and urged her to keep those actions secret. Instantly, we perceive no material difference between Slocum's encouragement of a minor to be overtly disobedient, and Appellant's encouragement of V.M. to engage in secretive acts, which he had reason to know would otherwise be prohibited by her parents and school authorities.

Based on the foregoing, we discern no merit to Appellant's challenge to the sufficiency of the evidence supporting the jury's verdict in this case. Specifically, we conclude the evidence was sufficient to establish that Appellant's conceded conduct could tend to corrupt the morals of V.M. by involving her in communication in violation of school policy and in enticing her into lending her clothing to a grown man in the absence of parental knowledge or consent. Accordingly, we affirm the April 17, 2013 judgment of sentence.

Judgment of sentence affirmed.

Justice Fitzgerald joins the memorandum.

Judge Wecht files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014