J-A10028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL WAYNE BECK | |
| Appellant | No. 1472 MDA 2014 |

Appeal from the Judgment of Sentence July 30, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007955-2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 25, 2015**

Appellant, Michael Wayne Beck, appeals from the July 30, 2014 aggregate judgment of sentence of six to 23½ months' imprisonment, plus two years' probation, following his conviction by a jury of corruption of minors and indecent assault.[1]  After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the certified record, are as follows.  On May 16, 2013, B.B. (the Victim), who was 17 years-old at the time, went to the house of his good friend, Carlos, around 2:40 p.m., to wait for Carlos to get home from school around 3:00 p.m. N.T., 3/5/14, at 64.  The Victim intended to wait on the porch for Carlos.

---

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii) and 3126(a)(1), respectively.

*Id.* Upon arriving at the house, the family dog began to bark, and Appellant, Carlos's father, heard the Victim on the porch and invited him to wait inside for Carlos. *Id.* at 64-65. Appellant and the Victim sat in the living room and made small talk for several minutes. *Id.* at 65-66. Eventually, the conversation shifted to a discussion about college, which caused Appellant to start crying about Carlos leaving, and that his girlfriend, and her father, had both just passed away, so that he had no one left. *Id.* at 67. The Victim was uncomfortable, but did not want to be rude and leave. *Id.* When his phone rang, he attempted to use it as an excuse to leave. *Id.* at 68. The Victim stood up to leave, but Appellant unexpectedly came up to the Victim and began hugging him. *Id.* The Victim then testified as follows.

> [The Commonwealth]:
>
> Q. And so how did you respond to being hugged by him?
>
> [The Victim]:
>
> A. Well, it made me uncomfortable. I was kind of just like, okay, you know, all right, that's enough. But he just didn't let go and he just kept pulling me in tighter and tighter, you know, and then at which point he kind of like pulled his head back a little and he stopped crying at that point and he was just like staring at me in my eyes and he put his left hand around the back of my neck and he came in and tried to kiss me and I jerked my head away.
>
> I go whoa, what are you doing? What are you doing? And he was like oh, nothing. I'm like let me go. I'm like let me go, this is uncomfortable. You're

not acting like yourself. He goes, well of course I am. I feel fine. How do you feel? At which point he patted my stomach with his right hand while his left hand was still around the back of my neck and then he put his hand down and he grabbed my penis through my jeans, on the outside of my jeans, and then he started to stroke - - I guess feel, fondle, I don't know, my testicles through my jeans like in between my legs.

Q. And … that fondling or feeling you talked about, about how long did that last, if you remember?

A. I mean just a few seconds, just long enough for it to register I mean about how he did it. It was like a grab and then like this sort of a motion.

At that point it just clicked to me what was happening, you know, and I just like jerked away from him and I grabbed his wrists and brought them up and like pushed them off of me and he kind of stumbled back and he raised his hands and made a face as if he had been caught, a face like whoa, whoa. And then at that point I just needed to leave, so I ran out of there.

*Id.* at 68-69.

On December 11, 2013, the Commonwealth filed an information charging Appellant with corruption of minors, indecent assault, unlawful contact or communication with minors,[2] and open lewdness.[3] The unlawful contact or communication with minors and open lewdness charges were withdrawn prior to trial. On March 5, 2014, a two-day jury trial commenced.

---

[2] 18 Pa.C.S.A. § 6318(a)(1).

[3] 18 Pa.C.S.A. § 5901.

On March 6, 2014, the jury found Appellant guilty of indecent assault and corruption of minors. On July 30, 2014, Appellant was sentenced to 6 to 23½ months' imprisonment, followed by two years' probation. Thereafter, on August 29, 2014, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issue for our review.

> I. Was the evidence at trial sufficient to support the jury's verdict convicting [Appellant] of Corruption of Minors and Indecent Assault?

Appellant's Brief at 4.

Our standard of review for challenges to the sufficiency of the evidence is well settled. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." **Commonwealth v. Patterson**, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, **Patterson v. Pennsylvania**, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa. Super.

---

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Orie***, 88 A.3d 983, 1014 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

Instantly, Appellant was convicted of corruption of minors and indecent assault, which are codified as follows. Corruption of minors is defined as "whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age[.]" 18 Pa.C.S.A. § 6301(a)(1)(ii). Further, a person commits indecent assault "if the person has indecent contact with the complainant [or] causes the complainant to have indecent contact with the person … for the purpose of arousing sexual desire in the person or the complainant and[] the person does so without the complainant's consent[.]" 18 Pa.C.S.A. § 3126(a)(1). Herein, Appellant's Rule 1925(b) statement stated the evidence was insufficient "to support the jury's verdict finding [Appellant] guilty of

[i]ndecent [a]ssault and [c]orruption of [m]inors, as no evidence of intent was introduced by the Commonwealth." Appellant's Rule 1925(b) Statement, 9/26/14. In his brief, however, Appellant attempts to argue each element of each crime. Appellant's Brief at 8-12. This Court has repeatedly held that elements to be challenged must be set forth in the appellant's Rule 1925(b) statement with specificity. **See Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (holding "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived[]") (citation omitted); **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (stating "an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient[]") (citation omitted). Accordingly, our review of the sufficiency of the evidence is limited to examining whether the Commonwealth proved Appellant had the intent to commit corruption of minors and indecent assault.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict-winner, we agree with the trial court that the evidence supports Appellant's conviction. Specifically, in terms of Appellant's intent relevant to his conviction for corruption of minors, "[t]he statute requires that the knowing, intentional acts of the perpetrator *tend* to have the effect of corrupting the morals of a minor." **Commonwealth v. DeWalt**, 752 A.2d 915, 918 (Pa. Super. 2000) (italics in original), *citing* **Commonwealth**

*v. Todd*, 502 A.2d 631 (Pa. Super. 1985).  Further, this Court has explained that "actions that tended to corrupt the morals of a minor were those that 'would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain.'"  *Id.*, *quoting* *Commonwealth v. Decker*, 698 A.2d 99, 101 (Pa. Super. 1997), *appeal denied*, 705 A.2d 1304 (Pa. 1998).  Relevant to Appellant's intent while committing the crime of indecent assault, indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person."  18 Pa.C.S.A. § 3101.  As the trial court noted in its Rule 1925(a) opinion, Appellant's "acts and conduct of 'grabbing' and 'fondling' which are intentional, as opposed to accidental acts, the jury could infer that [Appellant] intended to grab the Victim's penis and fondle his testicles."  Trial Court Opinion, 11/6/14, at 3-4.  The jury was free to believe and assess the credibility of the evidence based on the testimony of both the Victim and Appellant.  *Orie*, *supra*.  The Commonwealth's evidence was sufficient to demonstrate that Appellant's act of grabbing the Victim's penis and testicles offended the sense of decency and were for the purpose of arousing sexual desire.  *See* *DeWalt*, *supra*; 18 Pa.C.S.A. § 3101.  As a result, we conclude the jury had ample evidence to support its conclusion that Appellant had the necessary intent to commit corruption of minors and indecent assault.

Based on the foregoing, we conclude Appellant's claims are devoid of merit. Accordingly, the trial court's July 30, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2015