J-A24006-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DARCELL MCCOY, :
:
Appellant : No. 318 EDA 2014

Appeal from the Judgment of Sentence Entered December 18, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-MD-0003137-2013

BEFORE: PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 14, 2015**

Darcell McCoy (Appellant) appeals from a judgment of sentence entered after her contempt conviction. We vacate the judgment of sentence and reverse the conviction.

The background underlying this matter can be summarized as follows. According to the trial court's opinion, on November 25, 2013, the Honorable James Murray Lynn, a judge on the Philadelphia County Court of Common Pleas, held a preliminary hearing in a criminal case involving Shawn Freeman (Freeman). At the conclusion of the hearing, the complainant in Freeman's case, Aneya Pratt (Pratt), was speaking with the assistant district attorney who was prosecuting the case, Mary Ellen Fields (ADA Fields). They were speaking directly outside of the courtroom. Appellant approached Pratt. Appellant was holding a camera phone with her arm outstretched as

---

* Retired Senior Judge assigned to the Superior Court.

though she was taking a picture of Pratt. Pratt then ran into the courtroom. These events prompted the trial court to hold a contempt hearing that day.

At the beginning of the hearing, ADA Fields informed the court that she had witnessed the incident. The court then questioned Appellant, who revealed that she is Freeman's fiancé and the mother of his child. The court informed Appellant that it had issued a stay away order, that Appellant had violated the order, and that, because Appellant was guilty of "contempt of court," she would serve 29 to 60 days in county prison. N.T., 11/25/2013, at 6.

Freeman's attorney, Stephen Fleury (Attorney Fleury), spoke on Appellant's behalf. He stated that that any contempt in this case would constitute indirect criminal contempt because it did not occur in the courtroom. Counsel therefore argued that Appellant was entitled to counsel and a hearing. The trial court agreed, stating, "Yes. All right. We'll have a hearing. Bring up the witness." *Id.* at 8.

The Commonwealth, represented by ADA Fields, called Pratt as a witness. Pratt informed the court that she had testified against Freeman and that, after the preliminary hearing, she was exchanging information with ADA Fields. During this exchange, Pratt noticed Appellant with a camera and informed her father. According to Pratt, her father jumped in front of the camera and told Appellant not to take any pictures. Pratt then ran into the courtroom with her sister.

Before cross examining Pratt, Attorney Fleury stated his belief that a conflict existed regarding ADA Fields. The court interrupted counsel and told him not to worry about the conflict, as ADA Fields was the only prosecutor there at the time. During the cross examination, Pratt acknowledged that she did not know if Appellant actually took a picture of her. The Commonwealth's next and final witness was Pratt's father, Allan Burrell (Burrell). Burrell essentially corroborated Pratt's testimony.

The defense's first witness was ADA Fields. ADA Fields also acknowledged that she did not know whether Appellant actually took a picture of Pratt. The defense's next and final witness was Appellant. Appellant testified that she was outside of the courtroom during Freeman's preliminary hearing and was not aware of the stay-away order. She also denied holding up a phone toward Pratt. After Pratt testified, Attorney Fleury again stated his belief that the proceedings were improper because ADA Fields prosecuted the case and was a witness. The court responded that Attorney Fleury had called ADA Fields as a witness.

At the close of the contempt hearing, the court stated, "I find your client guilty of indirect criminal contempt, and in violation of my stay away order, and for intimidating the witness in this courtroom…." N.T., 11/25/2013, at 24. The court entered a "Contempt Order" stating that Appellant had been convicted of violating 42 Pa.C.S. § 4137(a)(1). However, subsection 4137(a)(1) addresses a magisterial district judge's

- 3 -

authority to find a person in criminal contempt for misbehaving in the presence of the court. The order further stated that Appellant would serve 30 to 60 days in prison.

Appellant timely filed a post-sentence motion. In the motion, Appellant pointed out that, because the trial court was not a magisterial district judge, Appellant could not be found guilty of violating subsection 4137(a)(1). Appellant also argued, *inter alia*, that the evidence was insufficient to prove her guilty of direct criminal contempt and that her sentence was illegal.

On December 18, 2013, the trial court held a hearing on Appellant's post-sentence motion. When counsel pointed out that the court's contempt order states that Appellant violated subsection 4137(a)(1), the court asserted, "That does not apply to me." N.T., 12/18/2013, at 4. Several times during the hearing, the court stated that it had found Appellant guilty of "in direct [*sic*] criminal contempt." ***Id.*** at 4 and 7. Attorney Fleury informed the court that he and the district attorney believed the correct statute at issue was 42 Pa.C.S. § 4132.[1] Appellant contended that the evidence was insufficient to prove that she violated this statute.

---

[1] Section 4132 provides:

> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:

The Commonwealth, now represented by Assistant District Attorney Michael Stackow, argued that the court still could find Appellant guilty of direct criminal contempt. It is unclear whether the court agreed with the Commonwealth, but at the end of the hearing, the court stated that it believed "this is contempt" and denied Appellant's post-sentence motion. On that same day, the court entered a "Sentence Order" which again stated that Appellant had violated subsection 4137(a)(1) and sentenced her to 30 to 60 days in prison. Appellant timely filed a notice of appeal.

The trial court did not direct Appellant to comply with Pa.R.A.P. 1925(b); however, the court issued an opinion supporting its decisions. In the first sentence of that opinion, the court states that it found Appellant guilty of indirect criminal contempt. Trial Court Opinion, 11/5/2014, at 1. However, later in its opinion, the court asserts, "Nonetheless, in this case there was ample evidence to support a finding against the Appellant based upon *direct criminal contempt*[]." **Id.** at 4 (emphasis in original). The court then proceeds to explain why the evidence was sufficient to find Appellant guilty of direct criminal contempt.

---

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S. § 4132.

Appellant raises a number of issues on appeal. She argues that the evidence was insufficient to convict her of indirect criminal contempt; that the evidence was insufficient to convict her of direct criminal contempt; that her due process rights were violated because she was not given notice that she was charged with direct criminal contempt; and that her due process rights were violated because ADA Fields prosecuted the case and was a necessary witness at the contempt hearing.

"This Court's standard of review of a nonjury trial is to determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law." ***Commonwealth v. Decker***, 698 A.2d 99, 100 (Pa. Super. 1997).

After a review of the certified record, the trial court's opinion, and the parties' briefs, we conclude that the trial court committed a fatal error in applying the law. More specifically, Appellant's conviction cannot stand, as the record is absolutely unclear as to whether the trial court convicted Appellant of direct contempt, of indirect contempt, or for violating subsection 4137(a)(1), a statute that clearly is not applicable to a proceeding in a Court of Common Pleas. Moreover, in terms of the procedure used by the court, we cannot discern how it was proper to allow an eyewitness to the alleged wrongdoing prosecute Appellant. ***See*** Pennsylvania Rule of Professional Conduct 3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless[] the testimony relates to

an uncontested issue; [] the testimony relates to the nature and value of legal services rendered in the case; or [] disqualification of the lawyer would work substantial hardship on the client.").

Given the uncertainty of the record and the odd procedural mechanism the court utilized in the contempt hearing, we vacate Appellant's judgment of sentence and reverse her conviction.

Judgement of sentence vacated. Conviction reversed.

Judge Wecht joins.

Judge Panella files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015