J-S21029-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE BEVAN BLACKIE, JR. | : | |
| | : | |
| Appellant | : | No. 1486 WDA 2017 |

Appeal from the Judgment of Sentence September 22, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002038-2016

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                          FILED MAY 01, 2018

George Bevan Blackie, Jr. (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of one count of driving under the influence (DUI), as well as the summary offenses of careless driving, following too closely, and driving at an unsafe speed (summary offenses).[1] Upon review, we affirm.

The trial court made the following detailed findings of fact.  See Trial Court Opinion, 9/12/17, at 2-9.  On Wednesday, August 24, 2016, at approximately 9:15 p.m., Appellant was involved in a two vehicle accident with Christopher Gallagher (victim) at the intersection of Dunnings Highway and Bedford Street in Greenfield Township.  The victim was stopped at a red light and, as the light changed, Appellant rear-ended him.  Following the

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1)(general impairment), 3714(a), 3310(a), 3361.

collision, the victim exited his van and asked Appellant to contact the police; Appellant declined to do so, and the victim called the police himself. During the exchange, the victim observed that Appellant had slurred speech and was behaving strangely.

Thereafter, Assistant Police Chief Nathan Claycomb of the Freedom Township Police Department arrived at the scene and observed damage to both vehicles. Assistant Chief Claycomb detected that Appellant "smelled a little bit of alcohol" and noticed unopened alcoholic beverages in Appellant's vehicle.[2]

Officer Tyler Grigg of the Greenfield Township Police Department responded to the scene next, and opined, based upon his experience and training, that Appellant had caused the accident by striking the rear of the victim's vehicle. Officer Grigg observed signs of impairment: the smell of alcohol coming from Appellant's vehicle, that Appellant was slow in getting out his license, and that Appellant needed to be asked twice to provide his registration and proof of insurance. Officer Grigg, who was trained and certified in conducting field sobriety tests, had Appellant perform the "walk and turn" and the "one-leg stand" tests; Appellant failed both field sobriety tests. Appellant indicated to Officer Grigg that his prior back surgery and leg injury would make it difficult for him to perform those tests. Officer Grigg

---

[2] Appellant later testified that he had only consumed approximately half of a beer that afternoon and that at the time of the accident, he was traveling back home from Dilly's Bar, where he had picked up food for his wife and a six-pack of beer to go.

provided Appellant with a portable breath test, but Appellant was unsuccessful in registering a result.

Suspecting that Appellant may have been using drugs or pain medication, Assistant Chief Claycomb suggested to Officer Grigg that they conduct a 10-panel drug screen, which would require the chemical testing of Appellant's blood. When asked whether he was on medication, Appellant replied that he had taken a sleep aid approximately one to two hours earlier. Officer Grigg then read the revised DL-26B form[3] regarding Appellant's rights relative to blood testing, at which time Appellant acknowledged that he understood the instructions, signed the form and consented to a chemical test of his blood. While traveling to the hospital for testing, Appellant made an unsolicited comment that he was a federal whistleblower and that he had been set up. After arriving at the hospital, Appellant changed his mind, and indicated that he would no longer submit to the chemical blood testing and would simply go to jail. Officer Grigg told Appellant that he was not going to jail and re-read the DL-26B form to him. Appellant refused consent to the blood test. Thereafter, Appellant was charged with the aforementioned offenses.

_____

[3] The Pennsylvania Department of Transportation created Form DL–26B in response to the United States Supreme Court's decision in Birchfield v. North Dakota, 136 S.Ct. 2160 (2016), which held that state laws imposing criminal penalties on motorists for refusing to submit to a blood test are unconstitutional.

Appellant initially filed a habeas petition seeking dismissal of the charges, which the trial court denied. Appellant proceeded to a non-jury trial on August 31, 2017, after which the trial court rendered its guilty verdicts. On September 22, 2017, the trial court sentenced Appellant to the mandatory minimum sentence of a $300 fine and six months' probation for DUI, in addition to $25 fines for each summary offense. On September 29, 2017, Appellant filed a motion for judgment of acquittal, which the trial court denied on October 3, 2017. Appellant filed this timely appeal. Both the trial court and Appellant have complied with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

Appellant raises the following issue for our review:

I.     Whether there was sufficient evidence presented to convict [Appellant] of 75 Pa.C.S.A. § 3802(a)(1).

Appellant's Brief at 4.

With a non-jury trial, we review the record to ensure the findings of fact are supported by competent evidence and that the trial court did not commit an error of law. See Commonwealth v. Decker, 698 A.2d 99, 100 (Pa. Super. 1997), appeal denied, 705 A.2d 1304 (Pa. 1998). Our standard of review for challenges to the sufficiency of the evidence is well-settled:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the

accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Teems, 74 A.3d 142, 144–45 (Pa. Super. 2013), appeal denied, 79 A.3d 1098 (Pa. 2013) (internal citations omitted).

Section 3802(a)(1) states: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1). General impairment under this section is an "at the time of driving" offense, where the Commonwealth must "prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." Teems, 74 A.3d at 145 (quoting Commonwealth v. Segida, 985 A.2d 871, 879 (Pa. 2009)). The Commonwealth may satisfy its burden of proof by wholly circumstantial evidence. Segida, 985 A.2d at 880.

Instantly, Appellant does not dispute that he was driving his vehicle unsafely. Rather, he argues that while "there was some evidence of intoxication" there was insufficient evidence to support his DUI conviction under Section 3802(a)(1) because "there was no evidence of intoxication from alcohol alone." Appellant's Brief at 9. Appellant relies on his admitted use of

sleeping medication prior to the accident, contending that he "was only charged with driving under the influence of alcohol not a combination of alcohol and drugs" and that "[t]he evidence in this case was equally consistent if not more consistent with the [Appellant] being under a combination of drug and alcohol not just alcohol." Id. at 7. We are not persuaded by this argument.

The trial court stated that it found "the testimony of each Commonwealth witness . . . to be credible in all respects." Trial Court Opinion, 9/12/17, at 12. Further, the trial court cited the following factual findings in support of Appellant's conviction:

> [Appellant] was clearly at fault for the rear-end collision; [Appellant] did not call 911 when requested to do so by [the victim]; [the victim's] observation that [Appellant] was acting strangely; the officers smelling the odor of alcohol on [Appellant] at the scene; [Appellant] appearing to be incoherent and struggling to retrieve his insurance and registration; [Appellant] failing the field sobriety tests; Assistant Chief Claycomb's suggestion that Officer Grigg obtain a 10-panel screen due to the suspicion that [Appellant] may be under the influence of some drug or medication; [Appellant's] refusal to submit to a blood draw; and [Appellant's] unsolicited comment while en route to the hospital that he is a "federal whistleblower" and that he had "just been setup[.]"

Id.

When reviewing the evidence in the light most favorable to the Commonwealth, we conclude that it was sufficient to support the trial court's guilty verdict. The testimony adduced at trial demonstrates that Appellant was operating a vehicle, and his collision with the victim created a reasonable

inference that he was unable to drive in a safe manner. While Appellant testified to consuming only half of a beer, the other witness testimony – of Appellant acting strangely, smelling of alcohol, delaying his production of driver documentation, failing sobriety tests, and refusing to submit to a blood test – support the trial court's finding of impairment as required under Section 3802(a)(1). See, e.g., Commonwealth v. Stanley, 629 A.2d 940, 943 (Pa. Super. 1993) ("These observations [alcohol on the breath and glassy, bloodshot eyes], combined with the officer's testimony that he saw appellant run a red light, clearly are sufficient to convict on the charge of DUI/incapable of safe driving.").

Finding no merit to Appellant's sufficiency claim, we affirm the judgment of sentence.

Judgment of sentence affirmed.

P.J.E. Ford Elliott joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/1/2018