J. S37044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KHALIF GOLDWIRE, | : | No. 1448 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 10, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002099-2018

BEFORE: SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: Filed: October 22, 2020

Khalif Goldwire appeals from the April 10, 2019 judgment of sentence of 11½ to 23 months' imprisonment, followed by 2 years' probation, imposed after a jury found him guilty of corruption of minors.[1] After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case, as gleaned from the jury trial testimony, as follows:

> On April 7, 2014, sixteen[-]year[-]old [victim] went to school at Sayre High School in Philadelphia. She immediately reported to her Principle and Counsellor that she had been raped in the evening/early morning hours the previous night by a man she did not know by name. School officials called her mother and [the victim] was taken back to the location where the incident happened. She met the police there and then police took her to the Special Victims Unit for an

---

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

interview about the events of the previous evening. She was also seen at the Philadelphia Sexual Assault Response Center where a nurse performed a rape kit.

At trial, [the victim] testified that she was living with a family friend named Robin Scott in April, 2014. The house was located at 1636 Catherine Street in the City of Philadelphia. While staying at the house, Denzel, a relative of Ms. Scott's brought a friend over the house. That friend was 20[-]year[-]old[,] [appellant]. Appellant, [the victim] and Denzel smoked marijuana together. [The victim] slept on the couch during the time that she stayed at Ms. Scott's house. After smoking the marijuana, she went to sleep on the couch. Appellant tried to lay with her on the couch several times and she told him "no". Appellant went to sleep on another couch in the living room and Denzel went to sleep on an air mattress also in the living room. Appellant came back to the couch where [the victim] was sleeping. She woke up to him moaning and his penis inside her vagina. She stayed quiet because she was too afraid to move; she did not want him to hurt her in any way.

Appellant testified that he and [the victim] smoked marijuana together that night and had consensual sex. [Appellant] acknowledged that it is "wrong" to have sexual intercourse with a 16[-]year[-]old when he was 20 years old.

By way of stipulation, the Commonwealth and [appellant] agreed that there was semen found on the swabs taken from [the victim's] vagina, vulva and cervix. The DNA from that semen was entered into a National Data Base. On August 9, 2016[,] the [N]ational [D]ata [B]ase identified a DNA match with the semen submitted from [the victim's] rape kit and [a]ppellant's DNA that they had on file. On September 26, 2017, the Philadelphia Police DNA Lab conducted a confirmation test with the DNA found on the swabs taken from the victim and a buccal swab taken from [a]ppellant. That test confirmed that [a]ppellant is the source of the semen found inside the victim.

Trial court opinion, 11/22/19 at 1-3 (citations to notes of testimony omitted).

On October 24, 2018, appellant proceeded to a jury trial and the following day was found guilty of corruption of minors. The jury found appellant not guilty of rape by forcible compulsion, sexual assault, and unlawful contact with a minor.[2] On April 10, 2019, the trial court sentenced appellant to 11½ to 23 months' imprisonment, followed by 2 years' probation. Appellant did not file any post-sentence motions. This timely appeal followed on May 10, 2019.[3]

Appellant raises the following issue for our review:

> Was not the evidence insufficient to support the conviction on the charge of corrupting the morals of a minor in that the Commonwealth failed to prove that appellant corrupted or tended to corrupt the morals of a minor, or aided, abetted, enticed or encouraged any such minor in the commission of any crime?

Appellant's brief at 3.

Our standard of review in assessing whether there was sufficient evidence to sustain a conviction is well settled.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there

---

[2] 18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, and 6318(a)(1), respectively.

[3] On September 10, 2019, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant timely complied and the trial court filed its Rule 1925(a) opinion on November 11, 2019.

is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Izurieta*, 171 A.3d 803, 806 (Pa.Super. 2017) (citations omitted).

Section 6301 of the Crimes Code governs the offense of corrupting a minor and provides, in relevant part, as follows:

**(a)  Offense defined.--**

(1)(i)  Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).

Instantly, appellant avers that "the Commonwealth failed to prove that [he] corrupted or tended to corrupt the morals of [the victim], or aided, abetted, enticed or encouraged any such minor in the commission of any crime." (Appellant's brief at 8 (full capitalization omitted).) This claim is meritless.

This court has long recognized that there is no requirement of any underlying criminal activity as basis for a corruption of minors charge:

> [W]hile it is true that generally a corruption of minors charge accompanies a more serious charge such as involuntary deviate sexual intercourse, statutory rape, indecent assault, etc., nowhere in the statute is there a requirement of such underlying criminal activity, nor will one find a prohibition against a charge of corruption of minors standing alone. Moreover, the statute states "by any act" not "by any criminal act." The fact that a corruption of minors charge is generally coupled with additional underlying criminal activity is more a reflection of the usual application of the statute than it is legal precedent. We believe that if our legislators intended to require some underlying criminal activity as the basis for a corruption of minors charge, they would have written it into the statute.

*Commonwealth v. Slocum*, 86 A.3d 272, 279 (Pa.Super. 2014), quoting *Commonwealth v. Decker*, 698 A.2d 99, 100 (Pa.Super. 1997), *appeal denied*, 705 A.2d 1304 (Pa. 1998) (holding that sexual intercourse between a 37-year-old man and a 15-year-old girl who never voiced her consent is an act which constitutes the corruption of a minor).

Rather, acts that tend to corrupt the morals of a minor are those that "would offend the common sense of the community and the sense of decency,

propriety and morality which most people entertain." ***Decker***, 698 A.2d at 101.

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was sufficient evidence from which the jury could conclude that appellant was guilty of the offense of corruption of minors. At trial, appellant freely admitted that he smoked marijuana with the victim and had sexual intercourse with her on the evening in question. (Notes of testimony, 10/24/19 at 200, 205-206.) Appellant also testified that he was aware of the victim's age at the time and acknowledged that it was "wrong" to have sex with a 16-year-old when he was 20 years old. (***Id.*** at 211-212.) Additionally, the record reveals that appellant initiated sexual intercourse with the victim while she was trying to sleep and after she had rebuked his prior attempts to lie next to her on the couch. (***Id.*** at 42-43.) The victim, in turn, testified that she did not voice her consent during this encounter because she "didn't know what [appellant] was capable of" and "didn't want him to hurt [her] in any type of way." (***Id.*** at 43.)

Based on the foregoing, we find that appellant's smoking marijuana with the minor victim and then engaging in sexual intercourse with her were clearly the type of acts that "would offend . . . the sense of decency . . . which most people entertain." ***Decker***, 698 A.2d at 101. Accordingly, we agree with the trial court that the evidence was sufficient to sustain the jury's conviction for

corruption of a minor. Therefore, we affirm appellant's April 10, 2019 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/20