J-S27043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TONY L. WILLIAMS, | |
| Appellant | No. 701 EDA 2016 |

Appeal from the Judgment of Sentence November 23, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0012448-2013

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED MAY 04, 2017**

Appellant, Tony L. Williams, appeals from the judgment of sentence imposed after his bench conviction of unlawful contact with a minor, corruption of minors, and indecent assault without consent.[1]  We affirm.

The trial court opinion aptly sets forth the pertinent facts as follows:

On March 10, 2013, around 3:00 a.m., the complainant ("Z.H.") was at her aunt's father's house on the 6800 block of Dyer Street in the City and County of Philadelphia, PA.  Z.H. was sleeping in the living room area of the house when [Appellant], who is Z.H.'s cousin, physically woke her up.  [Appellant] asked her to touch his private parts and Z.H. refused.  [Appellant] then touched Z.H. on her vagina, over her clothes two times. [Appellant] then attempted to grab Z.H.'s waist.  [Appellant] told her that "if [she] wanted anything [she] could get it."  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 6301(a)(1)(i), and 3126(a)(1), respectively.

incident occurred for twenty to thirty minutes. At the time of the assault, Z.H. was thirteen years old. Z.H. reported the incident to police the next day and gave a statement.

(Trial Court Opinion, 10/11/16, at 2-3) (record citations omitted).

On January 23, 2015, after a bench trial, the court convicted Appellant of the foregoing offenses. The court deferred sentencing for the preparation of a presentence investigation report (PSI) and an assessment by the Sexual Offender Assessment Board (SOAB). On November 23, 2015, after a hearing, the court found that the Commonwealth proved by clear and convincing evidence that Appellant is a sexually violent predator (SVP). The same day, Appellant was sentenced to a term of not less than one-and-one-half nor more than five years' incarceration on the unlawful contact with a minor charge, followed by five years of sex offender probation. Appellant filed a post-sentence motion on November 28, 2015 that the court denied on February 3, 2016. On February 26, 2016, Appellant timely appealed.[2]

Appellant raises three questions for this Court's review:

I. Whether the weight of the evidence was against Appellant's convictions for unlawful contact with a minor, corruption of minors, and indecent assault without consent?

---

[2] On April 26, 2016, this Court granted Appellant's petition for remand on the basis of counsel's *per se* ineffectiveness in failing to file a court-ordered statement of errors complained of. *See* Pa.R.A.P. 1925(c)(3). On the same date, Appellant filed his statement of errors complained of on appeal *nunc pro tunc*. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on October 11, 2016. *See* Pa.R.A.P. 1925(a).

II.     Whether the evidence was insufficient to convict Appellant of unlawful contact with a minor, corruption of minors, and indecent assault without consent?

III.    Whether the trial court abused its discretion when it classified Appellant as [an SVP] and given [sic] an excessively punitive sentence of one and a half [] to five [] years' incarceration on the unlawful contact with a minor charge[?]

(Appellant's Brief, at 8) (unnecessary capitalization and Crimes Code citations omitted).

In his first issue, Appellant maintains that "[t]he weight of the evidence is against [his] convictions." (*Id.* at 17).[3]  Specifically, he argues that "[t]he sum of ZH's prior statements and in court testimony is an implausible narrative, resulting in a failure of the Commonwealth to meet its burden of proof beyond a reasonable doubt." (*Id.* at 18).  We disagree.

When we review a weight-of-the-evidence challenge, we do not actually examine the underlying question; instead, we examine the trial court's exercise of discretion in resolving the challenge.  This type of review is necessitated by the fact that the trial judge heard and saw the evidence presented.  Simply put, [o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.  A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

Of equal importance is the precept that, [t]he finder of fact . . . exclusively weighs the evidence, assesses the credibility of

---

[3] Appellant raised this issue in his post-sentence motion.  *See* Pa.R.Crim.P. 607(A)(3).

- 3 -

witnesses, and may choose to believe all, part, or none of the evidence.

***Commonwealth v. Rayner***, 153 A.3d 1049, 1056 (Pa. Super. 2016) (citations and quotation marks omitted).

In this case, we decline Appellant's invitation to re-weigh the evidence. The trial court presided over Appellant's trial as the finder of fact and found Z.H.'s testimony that Appellant asked her to touch his private parts, touched her vagina above her clothes twice, and told her "if [she] wanted anything that [she] could get it[,]" to be credible. (Trial Ct. Op., at 3 (citing N.T. Trial, 1/23/15, at 10)). The verdict is not shocking to this Court's sense of justice and the trial court did not abuse its discretion in denying Appellant's motion for a new trial. ***See Rayner***, ***supra*** at 1056. Therefore, his first issue does not merit relief.

In his second claim, Appellant argues that the evidence was insufficient to support his conviction. (***See*** Appellant's Brief, at 18-19). This issue is waived and would not merit relief.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Freeman***, 128 A.3d 1231, 1248 (Pa. Super. 2015) (citations and quotation marks omitted).

Here, Appellant's Rule 1925(b) statement argues only that "[t]he Commonwealth presented insufficient evidence to sustain a conviction beyond a reasonable doubt. There were simply too many people in the room for this event to have occurred according to the complainant." (Appellant's Rule 1925(b) Statement, at 1 ¶ 2). This statement does not identify which element or elements of the crimes, or even which crimes, the Commonwealth allegedly failed to prove. Therefore, Appellant's second issue is waived.[4] *See Freeman*, *supra* at 1248.

Moreover, it would not merit relief. It is well-settled that:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Reese*, 2017 WL 750789, at *5 (Pa. Super. filed Feb. 27, 2017) (citation omitted). Further, it is well-settled that, "under

---

[4] Appellant's brief is similarly deficient. His entire "argument" regarding sufficiency of the evidence is approximately one page long, cites only boilerplate law on the standard of review of a sufficiency of the evidence claim, and his "discussion" merely consists of a recitation of the facts in the light most favorable to him, without any analysis of how those facts failed to establish the elements necessary for a conviction of unlawful contact with a minor, corruption of minors, and indecent assault. (*See* Appellant's Brief, at 18-19). Therefore, we deem Appellant's issue to be waived on this basis as well. *See* Pa.R.A.P. 2101, 2119(a)-(b).

prevailing Pennsylvania law, the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant[.]" **Commonwealth v. Trippett**, 932 A.2d 188, 201 (Pa. Super. 2007) (citation and internal quotation marks omitted).

In this case, the trial court convicted Appellant of unlawful contact with a minor, corruption of minors, and indecent assault without consent. To sustain a conviction for unlawful contact with a minor as charged in this case, the Commonwealth must prove beyond a reasonable doubt that the defendant intentionally contacted a minor, for the purpose of engaging in a prohibited sexual offense. **See** 18 Pa.C.S.A. § 6318(a)(1). Section 6301, corruption of minors, states, in relevant part that, "whoever, being of the age of [eighteen] years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than [eighteen] years of age . . . commits a misdemeanor of the first degree." 18 Pa.C.S.A. § 6301(a)(1)(i).[5] Finally, section 3126 of the Crimes Code provides, in pertinent part, that a person is guilty of indecent assault if, without the complainant's consent, "the person has indecent contact with the complainant [or] causes the complainant to

---

[5] "In deciding what conduct can be said to corrupt the morals of a minor, [t]he common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it." **Commonwealth v. Decker**, 698 A.2d 99, 101 (Pa. Super. 1997), *appeal denied*, 705 A.2d 1304 (Pa. 1998) (citations and quotation marks omitted).

have indecent contact with the person . . . for the purpose of arousing sexual desire in the person or the complainant[.]" 18 Pa.C.S.A. § 3126(a)(1).

Here, at the time of the incident, Appellant was over the age of eighteen, and his cousin, Z.H., was thirteen years' old. (**See** N.T. Trial, at 8). Z.H. testified that Appellant woke her up at approximately three a.m., asked her to touch his private parts, touched her on her vagina over her clothes twice, and tried to grab her waist. (**See id.** at 8-10). During the twenty to thirty minute incident, Appellant told Z.H. that "if [she] wanted anything[,] [she] could get it." (**Id.** at 10). Z.H. reported the incident to the police the next day. (**See id.** at 17-18). Based on the foregoing, we conclude that the trial court properly found that this evidence was sufficient to sustain Appellant's convictions. **See Reese**, **supra** at *5; **see also Trippett**, **supra** at 201; 18 Pa.C.S.A. §§ 3126(a)(1), 6301(a)(1)(i), 6318(a)(1). Appellant's second issue would not merit relief, even if properly raised in his Rule 1925(b) statement.

In his third issue, Appellant makes two arguments, that he "was incorrectly sentenced as [an SVP]" and that he "[was] given an excessively punitive sentence[.]" (Appellant's Brief, at 19) (unnecessary capitalization omitted). Appellant's issue does not merit relief.

We address Appellant's SVP challenge first. Appellant argues that "the Commonwealth did not meet their [sic] burden of clear and convincing

evidence that Appellant is [an] SVP." (*Id.* at 21). Although this claim challenges the sufficiency of the evidence, Appellant's Rule 1925(b) statement again fails "[to] state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Freeman***, *supra* at 1248 (citation omitted). Therefore, this argument is waived. Moreover, it would not merit relief.

> If a person appeals an SVP designation and contends the evidence supporting that designation was insufficient, our standard of review is clear. We do not weigh the evidence presented to the sentencing court and do not make credibility determinations. Instead, we view all the evidence and its reasonable inferences in a light most favorable to the Commonwealth. We will disturb an SVP designation only if the Commonwealth did not present clear and convincing evidence to enable the court to find each element required by the SVP statutes.

***Commonwealth v. Feucht***, 955 A.2d 377, 381-82 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008) (citations omitted).

In this case, Dr. Thomas F. Haworth, Ph.D., testified at the sentencing hearing that, in his expert opinion, Appellant met the criteria for designation as an SVP. (***See*** N.T. Sentencing, 11/23/15, at 25). He reached this conclusion after reviewing, *inter alia*, the SOAB investigator's report, Pennsylvania Justice Network (JNET) photo searches, the affidavit of probable cause, the criminal complaint, Appellant's mental health evaluation, and the PSI. (***See*** N.T. Sentencing, at 8; ***see also*** SVP Assessment, 4/10/15, at 1-2). He considered all of the factors required for conducting an SVP assessment and concluded that Appellant suffers from antisocial

personality disorder, which is associated with increased recidivism in sexual offenders. (*See* N.T. Sentencing, at 10-25). Doctor Haworth noted that Appellant's criminal history includes a prior crime of sexual violence against a thirteen-year-old, and that he has a pattern of callous indifference toward the impact his exploitation of others has on them. (*See id.* at 20, 23). He concluded that, due to this mental abnormality, Appellant has a likelihood of engaging in predatory sexually violent offenses because his "antisocial strivings [override] his volitional control." (*Id.* at 24; *see id.* at 24-25). The doctor concluded, to a reasonable degree of professional certainty, that Appellant meets the criteria for designation as an SVP. (*See id.* at 25).

Based on the foregoing and our independent review of the record, we conclude that the trial court did not abuse its discretion in finding that "the Commonwealth [presented] clear and convincing evidence to enable [it] to find each element required by the SVP statutes." *Feucht*, *supra* at 382 (citation omitted). Appellant's argument in this regard would not merit relief, even if it were not waived.

Next, Appellant claims that the trial court abused its discretion when it sentenced him to "an excessively punitive sentence of one and a half [] to five [] years['] incarceration on the unlawful contact with a minor charge." (Appellant's Brief, at 10). He maintains that the sentence "was above the guidelines [and] without sufficient explanation on the record[.]" (*Id.* at 26).

This issue challenges the discretionary aspects of Appellant's sentence, which "should be considered a petition for allowance of appeal." *Commonwealth v. Hicks*, 151 A.3d 216, 226 (Pa. Super. 2016) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Id.* (case citation omitted).

In the case before us, Appellant's Rule 2119(f) statement claims that "the trial court abused its discretion when it imposed a manifestly excessive sentence . . . of one and a half [] to five [] years' incarceration for unlawful contact with a minor[] . . . without putting its reasons on the record." (Appellant's Brief, at 10) (unnecessary capitalization omitted).[6] However, in his post-sentence motion, although Appellant iterated the terms of his

---

[6] Appellant also improperly includes his SVP claim in the Rule 2119(f) statement. (*See* Appellant's Brief, at 10). As already discussed, this allegation challenges the sufficiency of the evidence, not the discretionary aspects of sentencing.

sentence, he did not allege that it was excessive or that the court failed to support it by placing its reasons on the record. (**See** Post-Sentence Motion, 11/28/15, at unnumbered page 1 ¶ 4). Therefore, Appellant failed to preserve his discretionary aspects of sentence issue. **See Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 972 A.2d 521 (Pa. 2009) ("[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court.") (citation omitted).

Moreover, although his claim does raise a substantial question, **see Commonwealth v. Fullin**, 892 A.2d 843, 850 (Pa. Super. 2006), it would not merit relief.

It is well-settled that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted). Importantly, "[w]here pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." **Id.** at 761 (citation omitted).

In this case, before sentencing Appellant, the court stated:

- 11 -

> In fashioning its sentence, the [c]ourt has considered that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of [Appellant].
>
> The [c]ourt has also considered the [PSI], the SOAB report, the Commonwealth's sentencing memorandum, argument of counsel, testimony from [Appellant's] mother [], and [Appellant's] allocution.

(N.T. Sentencing, at 52).

Based on the foregoing, particularly the fact that the trial court had the benefit of a PSI, which "constitutes the record and speaks for itself[,]" we conclude that the court provided sufficient reasons for imposing Appellant's sentence and that it did not abuse its discretion. *Antidormi*, *supra* at 761 (citation omitted); *see id.* at 760. Therefore, this argument would not merit relief, even if it had been properly raised with the trial court.

For all of the foregoing reasons, Appellant is not entitled to relief on his three issues.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2017

- 12 -