J-S65041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　：　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　：　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　：
　　　　　　　v.　　　　　　　　：
　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　：
RICHARD E. LAWRENCE　　　　　：
　　　　　　　　　　　　　　　　：
　　　　　　Appellant　　　　　：　　No. 670 MDA 2019

Appeal from the PCRA Order Entered April 24, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003170-2012

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:　　　　**FILED: MARCH 2, 2020**

Appellant, Richard E. Lawrence, appeals from the order of the Court of
Common Pleas of Lancaster County (trial court) that denied his first petition
filed under the Post Conviction Relief Act ("PCRA").[1]  After careful review, we
affirm.

This case arises out of sexual activity between Appellant and E.S., a boy
who was 16 at the time the conduct began in 2009.  Trial Court Opinion,
3/18/19 at 1.  Appellant was over 53 years old when the first sexual contact
occurred.  N.T. Trial, 1/31/14, at 194.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

Appellant, who was not related to E.S., worked as a driver for E.S.'s uncle and lived in a house owned by E.S.'s brother about a quarter mile from E.S.'s house. N.T. Trial, 1/30/14, at 94-95. E.S. would go to Appellant's house to play ping pong and watch movies and television. *Id.* at 96, 111. E.S. had no access to television or movies in his home and had very little knowledge about sex. *Id.* at 95-96, 106. Initially, their conversations were unrelated to sex, but E.S. began asking questions about sex in the movies they were watching. *Id.* at 96-97. One evening, after E.S. began asking questions about sex, E.S. had an erection while they were watching a movie and Appellant taught E.S. how to masturbate. *Id.* at 97, 111-12. E.S. asked Appellant if they were doing something that was wrong and Appellant told him that it was all right and that nobody could do anything about it. *Id.* at 112, 127.

Appellant later taught E.S. about other sex acts and Appellant and E.S. performed oral sex on each other. N.T. Trial, 1/30/14, at 97-98. Appellant also had anal sex with E.S. *Id.* at 98-99. E.S. thought that it didn't feel right and was sort of scary when he saw Appellant's penis the first time. *Id.* at 99-100. Appellant and E.S. engaged in sexual activity approximately once a week for over two years. *Id.* at 100, 112-13, 119. All of their sexual encounters occurred when E.S. came to Appellant's house or outdoors at night. *Id.* at 112-14. Appellant told E.S. not to tell anyone about their sexual activity. *Id.* at 123. E.S. tried to end the relationship after he turned 18, but did not

because Appellant kept contacting him and he was afraid that Appellant would come to his house and harm his family if he stopped going over to Appellant's house. *Id.* at 116-18, 127-29.

Appellant was charged in 2012 of two counts of corruption of a minor, indecent exposure, and unlawful contact with a minor,[2] and was convicted of those offenses by a jury on January 31, 2014. The two separate corruption of a minor convictions were for two different periods of sexual contact, May 2009 to December 6, 2010 and December 7, 2010 to February 2011,[3] due to an amendment of the statute that increased the grading of the offense if an additional element was proven. On January 22, 2015, Appellant was sentenced to an aggregate term of imprisonment of $10^1/_2$ to 21 years, consisting of consecutive sentences of $3^1/_2$ to 7 years for the December 7, 2010 to February 2011 corruption of a minor, $2^1/_2$ to 5 years for the May 2009 to December 6, 2010 corruption of a minor, 1 to 2 years for indecent exposure, and $3^1/_2$ to 7 years for unlawful contact with a minor.

Appellant timely filed a post-sentence motion challenging this sentence as excessive, which was denied by the trial court, and timely appealed. On August 22, 2016, this Court affirmed the judgment of sentence in an unpublished memorandum. *Commonwealth v. Lawrence*, 156 A.3d 344

---

[2] 18 Pa.C.S. §§ 6301(a)(1)(i) and (ii), 3127(a), and 6318(a), respectively.

[3] The February 2011 end of this period was based on the date that E.S. turned 18.

(Pa. Super. 2016). Appellant's timely petition for allowance of appeal was denied by the Pennsylvania Supreme Court on April 11, 2017. *Commonwealth v. Lawrence*, 168 A.3d 1250 (Pa. 2017).

On March 22, 2018, Appellant filed the instant timely first PCRA petition. Counsel was appointed and, following the trial court's grant of leave to do so, filed an amended PCRA petition that raised the ineffective assistance of counsel claims that Appellant argues in this appeal. On March 18, 2019, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the PCRA petition without a hearing and an opinion setting forth the reasons for dismissal. On April 24, 2019, the trial court entered its order dismissing the Appellant's amended PCRA petition. This timely appeal followed.[4]

> Appellant presents the following issues for our review:
>
> A. Whether trial counsel was ineffective when he failed to litigate that as applied to this defendant, the provisions of 18 Pa.C.S.A. §6301, 18 Pa.C.S.A. §3127(a) and 18 Pa.C.S.A. §6318 were void for vagueness?
>
> B. Whether trial counsel was ineffective when he failed to litigate that the defendant was denied his rights to privacy by being unconstitutionally subjected to a prosecution for voluntary deviate sexual intercourse?

Appellant's Brief at 4 (unnecessary capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the court's findings and whether its decision is free of legal error.

---

[4] The trial court did not issue a Pa.R.A.P. 1925(b) order and adopted its March 18, 2019 opinion as its opinion in support of its April 24, 2019 dismissal order.

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). Here, the trial court held no hearing and made no factual findings. Rather, the issues in this appeal involve constitutional challenges that are questions of law subject to our plenary and *de novo* review. *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 886 (Pa. Super. 2019); *Commonwealth v. Berry*, 167 A.3d 100, 104 (Pa. Super. 2017).

To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Smith*, 181 A.3d at 1174-75; *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Smith*, 181 A.3d at 1175; *Michaud*, 70 A.3d at 867. Appellant is correct that only the first of these requirements need be addressed in this appeal. If his constitutional arguments were in fact meritorious, they would result in dismissal of the charges against him. Trial counsel's failure to raise the arguments would therefore not be a reasonable strategic decision and would necessarily have caused prejudice to Appellant. We conclude, however, that Appellant's constitutional arguments are without merit.

J-S65041-19

A statute may be found unconstitutionally vague if it does not provide reasonable standards by which a person may gauge his conduct. *Commonwealth v. Ludwig*, 874 A.2d 623, 628 (Pa. 2005); *Berry*, 167 A.3d at 108; *Commonwealth v. Morgan*, 913 A.2d 906, 911 (Pa. Super. 2006). A statute is so vague that persons of reasonable intelligence have to guess what conduct it prohibits violates due process. *Berry*, 167 A.3d at 108; *Morgan*, 913 A.2d at 911. Where, as here, First Amendment rights are not implicated, the vagueness challenge must be analyzed as applied to the defendant's conduct and the issue is whether that statute gave sufficient notice that the defendant's conduct was prohibited. *Berry*, 167 A.3d at 108; *Commonwealth v. Orie*, 88 A.3d 983, 1024 (Pa. Super. 2014). None of the three statutes at issue here is unconstitutionally vague as applied to the conduct for which Appellant was convicted.

The Crimes Code defines the offense of corruption of minors in relevant part as follows:

(1) (i) Except as provided in subparagraph (ii), whoever, **being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age**, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, **being of the age of 18 years and upwards,** by any course of conduct in violation of Chapter 31 (relating to sexual offenses) **corrupts or tends to corrupt the morals of any minor less than 18 years of age**, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

- 6 -

18 Pa.C.S. § 6301(a)(1) (emphasis added).[5] The standard for whether conduct "corrupts or tends to corrupt the morals of [a] minor" is whether the conduct would offend the common sense of the community and the sense of decency, propriety and morality that most people entertain. ***Commonwealth v. Slocum***, 86 A.3d 272, 277, 281 (Pa. Super. 2014); ***Commonwealth v. Decker***, 698 A.2d 99, 101 (Pa. Super. 1997). This Court has held that this standard gives sufficient notice to the ordinary person of what conduct is prohibited and is not unconstitutionally vague. ***Commonwealth v. Randall***, 133 A.2d 276, 279-81 (Pa. Super. 1957); ***see also Slocum***, 86 A.3d at 278, 281 n.14 (reaffirming that corruption of minors statute is not unconstitutionally vague).

Contrary to Appellant's contention, the decisions upholding the constitutionality of the corruption of minors statute do not require that the defendant's conduct be a criminal act. In ***Randall***, the conduct constituting corruption of minors did not consist solely of violating the liquor laws, but also included soliciting sex from minors as old as 17. 133 A.2d at 279. In ***Slocum***, the conduct consisted of the 59-year-old's enticing a 15-year-old to maintain

_____

[5] Section (a)(1)(i) was in effect during all of Appellant's conduct and was the basis for Appellant's corruption of a minor conviction for the period May 2009 to December 6, 2010. Section (a)(1)(ii) was added effective December 6, 2010 and was the basis for Appellant's corruption of a minor conviction for the period December 7, 2010 to February 2011.

secretive contact with him that he knew was prohibited by the boy's mother and urging the boy to lie to his mother about the contact. 86 A.3d at 280-81.

As applied to Appellant's conduct here, the corruption of minors statute is not unconstitutionally vague. The conduct for which Appellant was convicted was conduct that an ordinary person would understand that the statute prohibited. Appellant was not merely an adult who had a consensual sexual relationship with a minor over the age of consent. Rather, he initiated the sexual relationship and actively enticed the 16-year-old to engage in sex with him and he was over 53 years old, more than twice the minor's age, when he led the minor into this relationship. Initiation of a sexual relationship with a minor by an adult more than twice the minor's age constitutes conduct that an ordinary person would understand to be offensive to community standards of decency, propriety and morality, even if the minor is over the age of consent. *Decker*, 698 A.2d at 101-02 (37-year-old man having sexual intercourse with a girl over 20 years younger who passively consented is conduct that offends "the common sense of the community and the sense of decency, propriety and the morality which most people entertain" and constitutes corruption of a minor, even though girl was above the age of consent). Indeed, the record shows that Appellant was aware that his conduct was illegal. Appellant not only told E.S. that he should keep the relationship a secret, but also urged E.S. to promise that he would not testify against Appellant. N.T. Trial, 1/30/14, at 126-27.

The other two statutes at issue set forth even more clearly what conduct is prohibited. The Crimes Code defines the offense of unlawful contact with a minor in relevant part as follows:

> A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses). . . .

18 Pa.C.S. § 6318(a). This statute further defines "minor' as "[a]n individual under 18 years of age." 18 Pa.C.S. § 6318(c). A person of ordinary intelligence can plainly understand that this statute makes it a crime to intentionally have contact with a person under 18 for purposes of committing an offense enumerated in Chapter 31. Accordingly, the unlawful contact with a minor statute provides reasonable standards by which a person may gauge his conduct and is not unconstitutionally vague. *Morgan*, 913 A.2d at 911-12. Only if the Chapter 31 offense at issue is itself void for vagueness can an unlawful contact with a minor charge be unconstitutionally vague. The statute on which Appellant's conviction for unlawful contact with a minor was predicated was the indecent exposure statute, 18 Pa.C.S. § 3127, which is an offense enumerated in Chapter 31 of the Crimes Code.

The indecent exposure statute is neither vague nor unclear. Section 3127 of the Crimes Code provides:

> A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.

18 Pa.C.S. § 3127. This language unambiguously prohibits exposure of genitals both in a public place and anywhere that the actor knows or should know that he is exposing himself to a person who is likely to be offended or alarmed. The standard of knowledge or reason to know that the exposure will be likely to offend or alarm is a standard by which a person may gauge his conduct. The indecent exposure statute and the unlawful contact with a minor statute as applied to Appellant's conduct are therefore constitutional.

Appellant does not point to anything in the language of the indecent exposure statute or unlawful contact with a minor statute that is unclear or fails to give persons of ordinary intelligence notice of what conduct is prohibited. Rather, he argues that exposing genitals in consensual sex acts cannot constitute exposure that he could reasonably know would cause offense or alarm. That, however, is a challenge to whether the Commonwealth proved the offense of indecent exposure, not a basis for challenging the statute as unconstitutionally vague. Moreover, Appellant raised this argument that exposing genitals in consensual sex acts cannot constitute indecent exposure in his direct appeal and this Court ruled on and rejected it. *Commonwealth v. Lawrence*, 889 MDA 2015, unpublished memorandum at 3-4 (Pa. Super., filed August 22, 2016). Because Appellant

has previously litigated that issue, it cannot constitute a basis for relief under the PCRA. 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(a)(2); **Commonwealth v. Spotz**, 47 A.3d 63, 101 (Pa. 2012); **Commonwealth v. Miller**, 212 A.3d 1114, 1130-31 (Pa. Super. 2019).

Appellant's argument that he was unconstitutionally prosecuted for and convicted of voluntary deviate sexual intercourse likewise fails. The fact that Appellant's sexual activity was consensual deviate sexual intercourse does not convert the offenses of which he was convicted into prohibitions of voluntary deviate sexual intercourse. Neither indecent exposure nor unlawful contact with minors predicated on indecent exposure involves proof of any sexual relationship or act of sexual intercourse or deviate sexual intercourse. While Appellant's corruption of a minor convictions were based on his sexual acts with E.S., they were based on the age of the parties and Appellant's initiation of the sexual relationship with a minor, not on the type of sexual intercourse or the gender of the participants. The offense of corruption of a minor applies equally to heterosexual non-deviate sexual intercourse between a far older adult and a minor over the age of consent. **Decker**, 698 A.2d at 101-02; **see also Commonwealth v. Sipps**, ___ A.3d ___, ___, 2019 PA Super 370, *1, *5-*7, *10 (filed December 31, 2019) (man who had sexual relationship with 16-year-old girl prostitute convicted of corruption of minor). Nothing in the trial court's instructions to the jury suggested that Appellant could be convicted

based on the same-sex nature of the acts or the type of sex acts that occurred. *See* N.T., 1/31/14, at 241-64.

Because the issues that trial counsel failed to raise lack merit, Appellant did not prove any ineffective assistance of counsel. We therefore affirm the trial court's denial of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2020